IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK L. SEWELL, | § | |
| | § | No. 227, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0907027672 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 28, 2017
Decided: October 17, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 17th day of October 2017, after careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)   In a Superior Court criminal case in 2010, the appellant, Mark L. Sewell, pled guilty to charges of burglary and conspiracy and was sentenced to ten years of Level V incarceration, suspended after three years, followed by Level IV home confinement or halfway house and Level III probation.  This appeal is from the Superior Court's May 8, 2017 judgment finding Sewell guilty of, and sentencing him for, his sixth violation of probation ("VOP") in the 2010 case.  The State has

filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Sewell's opening brief that the appeal is without merit. We agree and affirm.

(2) Sewell's arrest on new charges, missed probation appointments in November and December of 2016, failure to report a change in his address to his probation officer, and termination from a court-ordered alcohol and substance abuse treatment program (hereinafter "the Program"),[1] all led to his sixth charge of VOP on December 30, 2016.[2] At the VOP hearing held on May 8, 2017, the Superior Court found Sewell guilty of VOP and sentenced him to three years and four months of Level V incarceration, suspended after successful completion of the Level V Key and Level IV Crest substance abuse programs, followed by one year of Level III Crest Aftercare.[3] This appeal followed.

(3) In his opening brief on appeal, Sewell submits a copy of a certificate indicating that he completed the Program. Sewell explains that he is submitting the certificate to disprove statements made in the VOP report and by his probation

---

[1] The Program was ordered as part of the sentence imposed for Sewell's fifth VOP.
[2] Sewell's fifth VOP adjudication was earlier in 2016, the fourth, third and second adjudications were in 2015, and the first was in 2013.
[3] For the fifth VOP, the Superior Court sentenced Sewell to Level V incarceration that was immediately suspended for probation, including successful completion of the Level III Gateway alcohol and drug treatment program. All total, for the first four VOP adjudications, Sewell was sentenced to Level V incarceration, which was suspended after serving five months at Level V.

officer at the May 8, 2017 hearing, that he was terminated from the Program for violating a program rule.

(4)     As the appealing party, Sewell was required to—but did  not—provide a transcript of the May 8, 2017 VOP hearing.[4]  The Court needs that transcript to evaluate Sewell's claim on appeal.[5]  Without the transcript, the Court is unable to review whether the State presented sufficient evidence in support of Sewell's alleged termination from the Program, whether Sewell raised the claim he now raises on appeal at the hearing, and what the Superior Court's response may have been.

(5)     Assuming, anyway, that the VOP report and Sewell's probation officer stated, in error, that Sewell was terminated from the Program, those alleged misstatements do not suggest that the Superior Court abused its discretion or erred when finding Sewell guilty of and sentencing him for the VOP.  In addition to the allegation that he was terminated from the Program, Sewell was charged with VOP based on his arrest on new charges, missed probation appointments, and failure to report a change of address to his probation officer.

(6)     To prove a violation of probation, the State must present some competent evidence to reasonably satisfy the judge that the defendant's conduct has

---

[4] Sewell designated the transcript, but because he failed to serve the court reporter and make arrangements to pay for the transcript, the appeal proceeded without the transcript. *See* Del. Supr. Ct. R. 9(e) (governing designation of transcript).

[5] *Kilson v. State*, 2017 WL 2888925 (Del. July 6, 2017) (citing *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

not been as good as required by the conditions of the defendant's probation.[6]  In this case, Sewell does not claim that there was insufficient evidence presented at the VOP hearing to prove that he was arrested, missed probation appointments, and failed to report a change of address to his probation officer.  Thus, the Superior Court properly found Sewell in violation of the conditions of his probation.

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[6] *Id.* (citing *Jenkins v. State*, 8 A.3d 1147, 1152 (Del. 2010).